```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

TOMMY NGOC NGUYEN,              *
# 14275-003,                    *
                                *
     Petitioner,                *
                                * CRIMINAL NO. 15-00094-TFM-B
vs.                             * CIVIL ACTION NO. 22-00179-TFM-B
                                *
UNITED STATES OF AMERICA,       *
                                *
     Respondent.                *
```

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Tommy Ngoc Nguyen's "Affidavit of Truth Motion to Withdraw" (Doc. 124). The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings. Upon consideration, the undersigned recommends that Nguyen's motion seeking to withdraw his § 2255 motion (Doc. 124) be **GRANTED,** that his § 2255 motion (Doc. 120) be **TERMINATED as withdrawn**, and that this action be **DISMISSED.**

   I.   BACKGROUND

Tommy Ngoc Nguyen, a federal prisoner currently incarcerated under a judgment for revocation of supervised release entered in the above-numbered criminal case, filed a *pro se* petition dated April 22, 2022, which he styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 120).

In an order dated May 11, 2022, the undersigned advised Nguyen, in accordance with Castro v. United States, 540 U.S. 375 (2003),[1] that the Court intended to recharacterize his habeas petition as his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and that a denial of the motion would subject any second or successive § 2255 motion challenging the same judgment of conviction to the requirements of 28 U.S.C. § 2255(h).[2] (Doc. 121 at 6-7). The undersigned ordered Nguyen to

---

[1] In Castro, the Supreme Court held that when a district court recharacterizes a *pro se* litigant's petition as a first § 2255 motion, it must (1) notify the litigant of the court's intent to recharacterize the pleading, (2) warn the litigant that the recharacterization will subject any subsequent § 2255 motions to statutory restrictions on "second or successive" motions, and (3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims. 540 U.S. at 383.

[2] "A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rules Governing § 2255 Proceedings, R. 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."); Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion."). "Without

refile his petition on the Court's § 2255 motion form by June 10, 2022, and to include all claims he wished to assert under § 2255. (Id. at 7). Alternatively, the undersigned informed Nguyen that he could notify the Court in writing that he was withdrawing the petition on or before June 10, 2022. (Id. at 8).

The Court also noted that it was unclear from Nguyen's petition whether he was seeking to attack his initial November 2015 judgment of conviction, his January 2022 supervised release revocation judgment, or both. (Id.). The Court informed Nguyen that any § 2255 motion he elected to file was required to specify which judgment it was challenging. (Id.). The undersigned further advised Nguyen that if he wished to challenge more than one judgment of this Court, he was required a file separate § 2255 motions challenging each individual judgment. (Id.). The undersigned directed the Clerk to send Nguyen this Court's current form for a motion to vacate, set aside, or correct sentence under § 2255. (Id.).

On May 9, 2022, the Court received an undated motion from Nguyen requesting free "copies of sentencing transcripts" to allow him "to perfect his appeal under title 28 USC 2255." (Doc. 122).[3]

---

authorization [by the appropriate court of appeals], the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

[3] Nguyen had previously filed a motion dated April 8, 2022

3

In an order dated May 19, 2022, the undersigned denied Nguyen's motion requesting sentencing transcripts because he had failed to show indigency and failed to make a showing that his § 2255 motion was not frivolous. (Doc. 123). The Court noted that Nguyen appeared to request transcripts so that he could sift through them in the hope of discovering some error by the Court or the attorneys that he could then raise as grounds for relief under § 2255. (Id. at 4). The Court also informed Nguyen that he is not entitled to free transcripts or copies for the purpose of reviewing the record in the hope of finding a basis to seek habeas relief. (Id. at 5).

On June 3, 2022, Nguyen filed the instant "Affidavit of Truth Motion to Withdraw" requesting that the Court "withdraw [his] petition entirely because the court is unclear of what petitioner seeks to attack since the court is stating for petitioner to do so to file separate motion[s] covering each judgment concerning November 2015 judgment and January 2022 supervised release revocation judgment . . . ." (Doc. 124 at 1). Nguyen also requests that the Court "provide the 2255 applications as soon as possible so [he] can correct this matter," and that the Court "provide sentencing transcripts" so that he can "prepare the motions that is greatly needed to uphold [his] protections of due process that

---

requesting that the Court furnish him copies of his sentencing transcripts. (Doc. 118). The District Judge denied that motion in a text-only order dated April 19, 2022. (Doc. 119).

is being violated."[4]  (Id.).

## II. DISCUSSION

Federal Rule of Civil Procedure 41 "applies to Section 2255 proceedings." Cordova v. United States, 2016 U.S. Dist. LEXIS 104231 at *2, 2016 WL 4099217, at *1 (S.D. Ga. Aug. 2, 2016); see Rules Governing § 2255 Proceedings, R. 12.  Rule 41(a)(1) provides that an action may be dismissed by the petitioner without order of the Court by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Rule 41(a)(2) provides that, except as provided in Rule 41(a)(1), "an action may be dismissed at the [petitioner's] request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice."  Id.

Nguyen does not appear to challenge the Court's intent to construe the April 22, 2022 petition as a § 2255 motion.  However, it appears from the instant motion that Nguyen wishes to withdraw

---

[4] To the extent Nguyen is again requesting that the Court provide him with "sentencing transcripts to prepare the motions" (see Doc. 124 at 1), he provides no basis for changing the Court's two prior rulings denying this request.  (See Docs. 119, 123).

5

the April 22, 2022 petition and intends to file one or more § 2255 motions once he is able to review the record and ascertain one or more grounds for relief.  Because Nguyen's request to withdraw his § 2255 motion was filed before the Government filed a responsive pleading, Nguyen is entitled to voluntarily withdraw his § 2255 motion.  Indeed, under the circumstances, the undersigned discerns no compelling reason to deny Nguyen's request to withdraw his § 2255 motion.

**III. CONCLUSION**

Accordingly, it is recommended that Nguyen's motion to withdraw his § 2255 motion (Doc. 124) be **GRANTED,** and that Nguyen's pending § 2255 motion (Doc. 120) be **TERMINATED as withdrawn,** and that this action be **DISMISSED.**[5]

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a]

---

[5] The Clerk is **DIRECTED** to mail to Nguyen two (2) copies of the Court's current form for a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

6

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **16th** day of **June, 2022.**

                                              **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**